

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 29, 1939

Honorable Tom L. Beauchamp
Secretary of State
Austin, Texas

Dear Sir:

Opinion No. O-598

Re: Consideration of short term
loans in computing corporate
franchise tax.

This Department is in receipt of your letter of March 22, 1939, in which you request an opinion upon the following questions:

"1. Should short term (and demand) notes owed by a corporation, which notes are more than one year past maturity and still outstanding at the close of the corporation's last accounting year, be taken into consideration in determining the taxes to be computed under Article 7084, as amended?

"2. Should notes, bonds and debentures maturing less than one year from date of issue be taken into consideration in determining the taxes to be computed under Article 7084, as amended, where it is obvious from the history of the corporation's operations, as reflected over a period of years by their franchise tax returns filed in this office, that the indebtedness evidenced thereby is being annually renewed and extended so as to mature just short of one year from the date of reissue or renewal and is therefore more permanently employed than would be indicated by each separate report standing alone?"

Article 7084, Revised Statutes 1925, as amended Acts 1931, 42nd Legislature, p. 441, Ch. 265, Sec. 1, provides that the franchise tax of corporations shall be based upon:

". . . that proportion of the outstanding capital stock, surplus and undivided profits, plus the amount of outstanding bonds, notes and debentures, other than those maturing in less than a year from date of issue . . ."



Hon. Tom L. Beauchamp, March 29, 1939, Page 2

The purpose of the Legislature in adding notes, bonds and debentures maturing in less than one year from date of issue was to measure the tax on some basis so as to include the actual permanent capital of the corporation, which had previously been excluded in some instances because of its form. However, in determining how this result is to be accomplished we must look to the body of the act itself.

By its express language, Article 7084, as amended, excepts notes maturing in less than a year from date of issue, the sole criteria is the maturity date. No qualification is made for notes which may be outstanding and unpaid after the maturity date or at the close of the corporate accounting year.

Paper payable on demand is due and actionable immediately without demand. 6 Tex. Jur. p. 681, Sec. 76. Therefore, notes payable on demand mature less than a year from date of issue and come within the statutory exception.

It was stated in Southern Realty Corporation v. McCallum, (CCA 5th, 1933) 65 Fed. (2) 934:

"The exclusion of short-time loans, that is, those for less than a year, is also not arbitrary. If such are actually repaid within the year, they have not been capital employed during the whole tax period. If renewed throughout the year, they may serve to provide working capital just as though originally for a year, but in truth they are no permanent capital, but the indulgence is at the will of the creditor and generally purchased by a high rate of interest. A line of cleavage was proper to be made at some point, and one year, the period which the tax is to cover, was not an unreasonable place to fix it."

With reference to your second question, we assume that in each instance there is a bona fide renewal or extension of the paper so as to mature short of a year from the date of renewal. Article 7084 makes no mention of renewals or extensions.

Two views may be taken. First, the original issue date may be taken as the "date of issue" referred to in the statute, and if extended so that the second period plus the original period is more than one year, the final maturity date would be more than one year from the original "date of issue". On the other hand, the position may be taken that when the paper is extended or renewed, it is in fact and effect a reissue of the paper and when



computing the maturity date, the date of reissue would be the actual "date f issue" referred to in the statute.

Bona fide renewals or extensions are no more in conflict with the express intention of the Legislature and terms of the Act than issuing demand notes which the payee suffers to run more than a year without collection; issuing notes maturing less than a year from date of issue but which are allowed to run for several years without renewal or payment; notes, bonds and debentures which are called in and cancelled and new obligations actually issued. In each instance the indulgence is at the will of the creditor.

Although this point was not specifically before the court in the Southern Realty Corporation case quoted above, the act was examined from the standpoint of its validity and we think the reasoning of the court is sound when applied to the instant case. To substitute another basis for computing the tax would be to legislate.

We are of the opinion that each of your questions should be answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Cecil C. Cammack*

Cecil C. Cammack
Assistant

CCC:N

APPROVED

FIRST ASSISTANT ATTORNEY GENERAL